Lyon, Special Judge,
delivered the opinion of the court.
*73 The defendant in this case was summoned to appear at the Circuit Court at Tazewell to testify in the case of David Rogers vs. E. H. C. Dickenson, on behalf of the defendant. He failed to appear and judgment nisi was entered against him, and a scire facias was issued to make that judgment absolute. On the return of the scire facias he demurred, and his demurrer was sustained. The scire facias was amended and to that he pleaded an issue to the country, and also nul tiel record. The Circuit Court sustained the plea of nul tiel record and dismissed the scire facias, from which judgment the plaintiff appealed to this court.
The only question which we deem now necessary to consider is the validity of the judgment nisi.
This Court has uniformly held that in all summary proceedings where judgment may be taken on the motion of the party complaining, the judgment of the court must assume every fact necessary to be proved in order to constitute liability in the case. Upon the principle above stated, the judgment nisi in this case is defective. It does not show when the witness was summoned, nor whether it was by subpasna issued in vacation or instanter during the term of the Court.
The act of 1838, ch. 131, (Nich. Supplement 232,) provides that all writs and other process except subpoenas instanter issuing from and returnable to the Circuit Court, shall and may be executed five days before the sitting of the Court to which they are returnable. From this judgment it cannot be seen that the defendant was summoned in compliance with the provisions of this act, and that he has incurred liability in refusing to obey the process. The judgment of the Circuit Court will therefore be affirmed.